IN THE CIRCUIT COURT OF THE 23RD JUDICIAL CIRCUIT
OF MISSOURI AT HILLSBORO, JEFFERSON COUNTY, MISSOURI

FILED
JUL 5 2009
HOWARD WAGNER
CIRCUIT CLERK

| | |
|---|---|
| THE COUNTY OF JEFFERSON, MISSOURI )<br>% Ms. Beth Mahn, Collector )<br>Jefferson County Administration Center )<br>729 Maple Street )<br>Hillsboro, MO 63050 )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TYLER TECHNOLOGIES, INC. )<br>Serve: Registered Agent )<br>Capital Corporate Services, Inc. )<br>222 E. Dunklin, Suite 102 )<br>Jefferson City, MO 65101. )<br>)<br>Defendants. ) | Cause No. 09JE-CC00375<br><br>Division: 1<br><br><br><br>(Jury Trial Demanded) |

**PETITION FOR BREACH OF CONTRACT**

COMES NOW the County of Jefferson, Missouri, and for its cause of action for breach of contract against Defendant, Tyler Technologies, Inc., states as follows:

1. The Plaintiff, the County of Jefferson, Missouri, hereinafter the "County," is a political subdivision of the State of Missouri.

2. Defendant, Tyler Technologies, Inc., hereinafter "Tyler," is a corporation formed under the laws of the State of Delaware and is authorized to do business in the State of Missouri. Tyler's principle offices are located at 3199 Klepinger Road, Dayton, OH 45406.

3. In 2005, the County, and particularly the County Collector and County Assessor, determined that the County's computer system for assessing tax value of real and personal property in Jefferson County, and for billing and collecting real and personal property taxes in Jefferson County, was, after more than 20 years, incapable of performing those functions in the

near future, particularly considering the population growth of Jefferson County. The County, through the Assessor's and Collector's offices, and through the County's information technology personnel, developed a detailed Request for Proposal for a new computerized Property Tax System. Six bids were received. After extensive review of all the proposals by the County personnel, including meetings with the bidders, the County determined that, based on the representations and promises contained in the bids and stated in the meetings, the bid of Tyler was the best bid, and the County accepted Tyler's bid.

4. On January 31, 2006, the parties executed an "Agreement for Software and Professional Services Between Tyler Technologies, Inc./CLT Division and Jefferson County, Missouri," a copy of such agreement is attached hereto and incorporated herein as Exhibit "1." This agreement incorporated as part of the agreement the Software License/Sublicense Agreement, a copy of which is attached hereto and incorporated herein as Exhibit "2". The Software License Agreement was amended by "Amendment 1 To The Agreement for Software Licenses Between Tyler Technologies, Inc./CLT Division and Jefferson County, Missouri," a copy of which is attached hereto and incorporated herein as Exhibit "3". An "Amendment 3 To The Agreement For Software And Professional Services Between Tyler Technologies, Inc./CLT Division and Jefferson County, Missouri" was executed by the parties. A copy of such Amendment 3 is attached hereto and incorporated herein as Exhibit "4". These Agreements and Amendments are collectively referred to herein as the "Agreement."

5. The Agreement generally requires Tyler to provide the licenses and professional services required to customize, tailor, enhance and implement a new computerized Property Tax System for the County. Such tax system includes functions for determination of the value of real and personal property in Jefferson County, and for assessment of both real property and personal

2

property by the office of the Jefferson County Assessor. The tax system also includes billing and collection functions to be performed by the Jefferson County Collector.

6. The work to be performed by Tyler pursuant to the terms of Agreement was to be completed within Four Hundred Fifty-Five (455) business days from the date of contract, or November 13, 2007.

7. For the work to be performed by Tyler and the software licenses, the County has paid to Tyler the total amount of One Million, One Hundred and Twenty-four Thousand, One Hundred and Thirty-five Dollars ($1,124,135).

8. Tyler has breached the Agreement because:

   a. Tyler failed to complete its work pursuant to the terms of the Agreement within Four Hundred Fifty-Five (455) business days of the date of the Agreement.

   b. Tyler has failed to install the software and provide the professional services necessary and required pursuant to the terms of the Agreement to provide Plaintiff with a computerized Property Tax System as set forth in the Agreement and required by the terms of the Agreement.

   c. The software and computerized Property Tax System installed by Tyler for the County does not provide the necessary functions and services as required by the terms of the Agreement nor as promised by Tyler in its representations to the County in its proposal to the County and in its oral presentations.

   d. The system is unusable to the County, in particular by the offices of the County Collector and Assessor, and to the residents of the County, in implementing a Property Tax Systems and performing the functions of the County Assessor and the County Collector.

3

e. Tyler has been unable to train the County personal to use the Property Tax System because the System has not been properly installed.

f. Tyler has failed to train the County personnel to operate the Property Tax System.

9. While the County has demanded that Tyler perform all services necessary, and take such actions as are required to make the Property Tax System perform all of the functions required by the Agreement, Tyler has failed to provide such necessary services.

10. Not only has Tyler failed to provide the licenses and professional services required pursuant to the terms of the Agreement, but Tyler has breached its obligations of good faith and fair dealing by seeking to charge the County additional sums for the work to be provided pursuant to the terms of the Agreement and by demanding that the County execute a Maintenance Agreement and pay Tyler for such Maintenance Agreement prior to Tyler completing the installation of the computerized Property Tax System as required by the terms of the Agreement, all as shown by letter dated September 17, 2008 from Mr. Andrew D. Teed, President of the CLT Division of Tyler, a copy attached hereto as Exhibit "5". Such demands by Tyler for additional compensation, and the demand that the County to execute the Maintenance Agreement prior to Tyler's completion of all services required pursuant to the terms of the Agreement, constitute a repudiation by Tyler of the Agreement in violation of its obligations of good faith and fair dealing.

11. The County has performed all terms and conditions of the Agreement to be performed by it.

12. The requirements of Article 15, Dispute Resolution, of the Agreement, have been fulfilled by the County giving written notice to Tyler by letter dated December 31, 2008, of its

4

claim against Tyler. Thereafter, on January 26, 2009, the parties designated representatives met in an attempt to resolve the dispute between the County and Tyler. No resolution of the dispute was reached between the parties.

13. By reason of Defendant Tyler's breach of the terms of the Agreement, Plaintiffs have been damaged in the amount paid to Tyler of One Million, One Hundred and Twenty-four Thousand, One Hundred and Thirty-five Dollars ($1,124,135). Further, the County has been damaged in the amount of One Hundred Eighty-three Thousand, Eight Hundred and Sixty-four Dollars and Eight-five cents ($183,864.85) for additional software and equipment purchased by it in order to implement the computerized Property Tax System which was to be installed by Tyler.

14. Pursuant to Article 13, Consent to Jurisdiction, Venue and Service, jurisdiction for this action is solely in the Courts of the State of Missouri, and venue for this action is solely in the Courts of the County of Jefferson, Missouri.

**WHEREFORE**, Plaintiff, the County of Jefferson, prays the Court for judgment against Defendant, Tyler Technologies, Inc. in the amount of One Million Three Hundred Seven Thousand Nine Hundred Ninety-Nine and 85/100 Dollars ($1,307,999.85), and for an award of the court costs incurred herein, and for such other orders as the Court shall deem appropriate.

Dated this 25th day of March, 2009.

HOCKENSMITH TATLOW MCKINNIS HAMILL, P.C.

DANA HOCKENSMITH   #24925
12801 Flushing Meadow Drive
Saint Louis, Missouri 63131
(314) 965-2255
FAX: (314) 965-6653
Hockensmith@htmhlaw.com
Attorneys for Plaintiff