IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE COUNTY OF JEFFERSON, MISSOURI,  Plaintiff, v. TYLER TECHNOLOGIES, INC  Defendant. | Case No. 09-554SNLJ |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO REMAND

### Facts

On March 25, 2009, Plaintiff, The County of Jefferson, Missouri, filed its "Petition for Breach of Contract" against Defendant Tyler Technologies, Inc. The Petition alleges that on January 31, 2006 the parties executed an "Agreement for Software and Professional Services Between Tyler Technologies, Inc./CLT Division in Jefferson County, Missouri," a copy of the Agreement being attached to the Petition as Exhibit 1. The Petition and Exhibit are included in this court's record as "Exhibits to Defendant's Notice of Removal." The Petition alleges that the Agreement generally requires Tyler to provide the licenses and professional services required to customize, tailor, enhance and implement a new computerized property tax system for Jefferson County.

Plaintiff contends in its Petition that Defendant has failed to install the software and provide the professional services necessary and required pursuant to the terms of the Agreement to provide Plaintiff with a computerized property tax system as set forth in the Agreement within the time required by the terms of the Agreement. Plaintiff contends that the system is unusable to the County for the purposes intended.

On April 10, 2009, the Defendant filed with this court its Notice of Removal. The Notice of Removal states that this court has jurisdiction for removal based upon diversity of citizenship between the parties in a controversy which exceeds $75,000.00. The Notice of Removal asserts that this court has original jurisdiction pursuant to 28 U.S.C. §1332(a)(1). In Paragraph 6 of the Notice of Removal, Defendants contend that venue is proper in this court.

Plaintiffs deny that this court has jurisdiction, or that venue is proper, because, the Agreement between the parties, in Article 13 entitled "CONSENT TO JURISDICTION, VENUE AND SERVICE," found on Page 9 of the Agreement, specifically provides:

> The Contractor (Defendant herein) consents and agrees that all legal proceedings related to the subject matter of this Agreement shall be maintained in court sitting within the State of Missouri. Contractor further consents and agrees venue for State court proceedings shall be in the County of Jefferson, Missouri, **and no court actions commenced in Missouri shall be transferred or removed to any other State or Federal court**. (Emphasis added)

Defendant's Notice of Removal does not address in any way the requirements of Article 13 of the Agreement. Defendant has removed this action from the State court to this Federal court in violation of its agreement in Article 13. Defendant's attorneys have admitted to Plaintiff's attorney that they are aware of the provisions of Article 13, but Defendant has refused to consent to remand of the case to the State court. Defendant's knowledge in this respect is shown by Exhibit A to the attached affidavit, Exhibit 1, of the undersigned in support of Plaintiff's request for award of attorney's fees and costs relating to the work performed in pursuing this remand.

### Burden of Proof

Defendant is the party opposing this remand. "The party opposing remand has the burden of establishing federal subject matter jurisdiction. See In re Bus. Men's Assurance Co. of

2

AM., 992 F. 2d 181, 183 (8th Cir. 1993)." Green v. Ameritrade, Inc., 279 F.3d 590, 596 (8th Cir. 2002). Therefore, the burden is upon Defendant, Tyler Technologies, Inc., to prove facts and applicable law that would overcome the provisions of Article 13 of the Agreement specifically stating that any legal procedings relating to the subject matter of the agreement between the parties cannot be removed to this Federal court.

### Waiver of Right to Remove

The language of Article 13 of the Agreement regarding jurisdiction and venue is simple, clear and unambiguous. The last sentence stating that … "no court actions commenced in Missouri shall be transferred or removed to any other state or Federal court," needs no interpretation. It simply means what it says. Once an action is commenced in Missouri, that action shall not be transferred or **removed** to any other State or Federal court. In violation of this provision, Defendants have removed this action from the Circuit Court of Jefferson County, Missouri to this Court. Based on this contractual provision, the case should be remanded to the Circuit Court of Jefferson County for further proceedings.

This provision against transfer or removal once an action has been commenced in Missouri supports the intent of the other provisions of Article 13.

The first sentence of Article 13 stating that all legal proceedings relating to the Agreement …"shall be maintained in courts sitting within the State of Missouri" is clear and unambiguous. It is the intent of the parties that any legal proceedings must be instituted in a court sitting in the State of Missouri. Whichever party institutes the action may choose whether to institute the action in a State or Federal court. The second sentence of Article 13 requires that the venue of any State court proceeding shall be in Jefferson County, Missouri. Therefore, a party choosing to file a State court action must file that action in the County of Jefferson,

3

Missouri. This the Plaintiff did. The Plaintiff, or the Defendant if it were the first to file, had a choice whether to file the action in Jefferson County or in the Eastern District of the Federal court. But, as provided by the last sentence of Article 13, once that election is made by the Plaintiff, the action shall not be "transferred" to any other State court or "removed" to any Federal court.

To hold that in some way, under some strained interpretation, the last sentence of Article 13 would somehow permit removal of this case filed in Jefferson County to this Federal court would eviscerate the last sentence of any meaning. As Defendants have stated in Paragraph 6 of their Notice of Removal, the Eastern District of Missouri is the proper venue for this proceeding in Federal court. The parties knew this at the time the Agreement was drafted and executed. For the prohibition against removal to have any meaning, it can only prevent removal to this Court, as this is the only Federal court where venue would be proper. If the language does not prevent removal to this Court, the language becomes meaningless.

This case is similar to the cases of CitiMortgage, Inc. v. Loan Link Financial Services, 2008 WL 695392 (E.D.Mo.) and iNET Directories, LLC v. Developershed, Inc., 394 F.3d 1081 (8th Cir. 2005), though the language of the Agreement here even more clearly and unambiguously prevents removal. Both of these cases were breach of contract actions containing forum selection clauses. In neither case did the language of the forum selection clauses specifically use the word "removed" or "removal". Such is not the case here, as the language in the instant Agreement in Article 13 specifically, by its words, prohibits removal.

In the CitiMortgage case, decided by this Court, the Court considered the following forum selection language:

4

> "12 GOVERNING LAW: VENUE
> This Agreement shall be governed by the laws of the State of Missouri and applicable federal law. CMI and Correspondent [Loan Links] agree that any action, suit, or proceeding to enforce or defend any right or obligation under this Agreement or otherwise arising out of either party's performance under this Agreement shall be brought in St. Louis County Circuit Court or the United States District Court in the Eastern District of Missouri and each party irrevocably submits to the jurisdiction of either forum and waives the defense of an inconvenient forum to the maintenance of any such action, suit or proceeding in such state or Federal court and any other substantive or procedural rights or remedies it may have with respect to the maintenance of any such action or proceeding in either forum."

Interpreting that language, this Court held that "…the language contained in Section 12 of the Agreement clearly and unequivocally waived defendant Loan Link's right to remove." CitiMortgage, Page 2 of the Opinion. This Court held that under this language the parties agreed that the party bringing the action could choose either to file suit in the St. Louis County Circuit Court or the United States District Court for the Eastern District of Missouri, but once that selection was made, the right to remove was waived. This Court additionally held:

> Furthermore, to interpret Section 12 not to have waived the right to removal would virtually render the clause meaningless. If a party could choose either forum, only to have it switched by the other party, then the clause is really pointless. The purpose of a forum selection clause is to give the parties, as a Plaintiff, the benefits and advantages of litigating a dispute in a forum where they believe such favorable attributes exist. To allow parties to negotiate favorable venues, only to have them taken as soon as they are chosen, undermines the negotiation of the forum selection clause in the first place. CitiMortgage, Page 3 of the Opinion.

The same is true here. By Article 13 of the Agreement, Plaintiffs selected the Circuit Court of Jefferson County as its venue. To allow the case to be removed at this time would completely negate the selection granted to Plaintiff by the forum selection clause and render the clause pointless.

5

In iNET Directories, LLC v. Developershed, Inc., the Court considered the following forum selection clause:

> The parties hereby irrevocably waive any and all objections which any party may now or hereafter have to the exercise of personal and subject matter jurisdiction by the federal or State courts in the State of Missouri and the laying of venue of any such suit, action or proceeding brought in any such federal or State court in the State of Missouri.

The Defendant removed the case to the Federal court based on diversity of the parties. Plaintiff sought a remand to the State court based on the forum selection clause. There the Eighth Circuit United States Court of Appeals affirmed the District Court's ruling that the language unambiguously prohibited Defendant from objecting to the venue selected by the Plaintiff and removing the case to Federal court. The Eighth Circuit cited the case of Waters v. Browning-Ferris Industries, Inc., 252 F.3d 796, 797-98 (5th Cir. 2001) interpreting a nearly identical forum selection clause as prohibiting removal. In its opinion the Eighth Circuit distinguished the case of Weltman v. Silna, 879 F.2d 425, 427 (8th Cir. 1989) because the contract language in the Weltman case did not address removal.

The language of Article 13 clearly and unambiguously prohibits removal of the action filed by Plaintiff in the Circuit Court of Jefferson County to this Federal court. The case should be remanded to the Circuit Court of Jefferson County, Missouri for further proceedings.

### Award of Attorney's Fees

Plaintiff is entitled to an award of just costs and actual expenses, including attorney's fees, incurred by Plaintiff as a result of Defendant's improper removal of this action to this Court and the necessity for Plaintiff to incur these costs, expenses and attorney's fees in order to obtain remand. 28 U.S.C. §1447(c). The award by this Court to Plaintiff of attorney's fees incurred in obtaining remand is discretionary with this Court, but such award is not dependant upon a

finding by this Court of bad faith on the part of Defendant. <u>Calloway v. Union Pacific Railroad Company</u>, 929 F.Supp. 1280 and 1283 (E.D.Mo. 1996).

In <u>American United Life Insurance Co. of Indianapolis, IND. v. Franklin</u>, 97 F.2d 76 (8th Cir. 1938) suit was filed in State court and the matter was removed by the insurance company to the Federal court based on diversity of citizenship. On appeal after judgment was entered, the Eighth Circuit determined that diversity jurisdiction did not exist and ordered that the judgment be set aside and the case remanded to the State court. The Eighth Circuit held that upon remand, all Federal court costs were to be assessed against the Appellate who had obtained removal of the case from the State court. The court required the removing Appellant to pay these costs because the costs would not have been incurred by the Respondent except for the improper removal by the Appellant of the action from the State court to the Federal court …"when it had full knowledge of the facts which have defeated federal jurisdiction…" <u>American United Life Insurance</u>, Page 77.

The Plaintiffs in this action would not have incurred attorney's fees to seek remand but for the improper actions of Defendant in removing this case contrary to the clear and unambiguous provisions of Article 13 of the Agreement. The Plaintiff's attorney requested that Defendant's attorneys consent to a remand based on the provisions of Article 13 of the Agreement. Defendant's attorneys refused. Exhibit A to Exhibit 1 attached hereto. Defendant was offered an opportunity to avoid the costs incurred by Plaintiff in seeking this remand, but Defendant declined to avoid these costs. There is no reasonable basis for Defendant to believe that removal was permitted considering the language of Article 13.

Plaintiff submits herewith as Exhibit 1 the Affidavit of Dana Hockensmith as attorney for Plaintiff in support of this request for attorney's fees in the amount of $3,680.00. The attorney's

fees incurred as shown on Exhibit 1 include attorney's fees for preparation of the Motion for Remand and this Memorandum in Support thereof. Plaintiff reserves the right to supplement such request for attorney's fees if Plaintiff is required to incur additional attorney's fees and costs in replying to any memorandum in opposition to remand filed by Defendant or to appear before this Court for oral argument or evidentiary hearing.

The amount of the attorney's fees incurred by Plaintiff in preparing this Motion for Remand and the accompanying memorandum are fair and reasonable under the circumstances. The selection of Jefferson County as the venue for an action filed by Plaintiff was negotiated by Plaintiff because it wants any claim made by it against Defendant decided in Jefferson County where the work was performed and the cost paid by its taxpayers. Defendant agreed to this venue. It can not now seek to change that venue.

### Relief Requested

Pursuant to its Motion for Remand to State court and for Award to Attorney's Fees and Expenses, Plaintiff requests this court to remand this action to the Circuit Court of Jefferson County, Missouri and, at the same time, to award to Plaintiff its fair and reasonable attorney's fees in the amount of $3,680.00 incurred in seeking this remand, and to award such additional attorney fees and costs as my hereafter be incurred in obtaining remand of this case to the State Court.

Respectfully Submitted,

_/s/ Dana Hockensmith_
Dana Hockensmith
E.D. Missouri Bar No. 24925
Hockensmith Tatlow McKinnis Hamill, P.C.
12801 Flushing Meadow Drive
St. Louis, Missouri 65131

P: (314) 965-2255
F. (314-965-6653
hockensmith@htmhlaw.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on this the 27th day of April, a true and correct copy of the foregoing document was served upon the following counsel of record via electronic means and U.S. mail in accordance with the Federal Rules of Civil Procedure.

Steven E. Garlock
B. Matthew Struble
Thompson Coburn LLP
One U.S. Bank Plaza
St. Louis, Missouri 63101
(314) 552-7000
sgarlock@thompsoncoburn.com
**ATTORNEYS FOR DEFENDANT**

Craig w. Budner
Andrew B. Russell
Courtney Barksdale Perez
K&L Gates LLP
1717 Main Street
Suite 2800
Dallas, Texas 75201

　　　　　　　　　　　　　　　　　　　　　　*/s/ Dana Hockensmith*
　　　　　　　　　　　　　　　　　　　　　　Dana Hockensmith