IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **THE COUNTY OF JEFFERSON, MISSOURI**<br>  % Ms. Beth Mahn, Collector<br>  Jefferson County Administration<br>  Center<br>  729 Maple Street<br>  Hillsboro, MO 63050<br><br>                    **Plaintiff,**<br><br>v.<br><br>**TYLER TECHNOLOGIES, INC.**<br>Serve: Registered Agent<br>       Capital Corporate Services, Inc.<br>       222 E. Dunklin, Suite 102<br>       Jefferson City, MO 65101<br><br>                    **Defendant.** | Case No. 4:09-CV-554-SNLJ<br><br>**Jury Trial Demanded** |

**DEFENDANT TYLER TECHNOLOGIES, INC.'S
RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND
AND FOR AWARD OF ATTORNEY FEES AND EXPENSES**

Defendant Tyler Technologies, Inc. ("Tyler") in support of its Response in Opposition to Plaintiff's Motion to Remand and For Award of Attorney Fees and Expenses, alleges as follows:

**I.    SUMMARY OF ARGUMENT**

Remand is inappropriate for three reasons. First, Tyler did not "clearly and unequivocally" waive its right to remove this case to this Court as required by the well-established standard in this Circuit. Second, removal to this Court is permissible under the plain language of the Agreement. Third, retaining jurisdiction in this Court both satisfies Plaintiff's

objective to litigate this dispute in a convenient forum and furthers the purpose of diversity jurisdiction, which is to protect defendants like Tyler from the potential for local bias.

Jurisdiction is proper pursuant to 28 U.S.C. §§ 1332 and 1441 because this case could have originally been brought in this Court; it involves citizens of different states; and the amount in controversy exceeds the threshold limit of $75,000. Therefore, contrary to Plaintiff's contentions, this Court has jurisdiction over this dispute.[1] Thus, the question before the Court is one of venue, and not jurisdiction. Specifically, this Court must decide whether the language in Article 13 of the Agreement for Software and Professional Services Between Tyler Technologies, Inc./CLT Division and Jefferson County, Missouri (the "Agreement") constitutes a waiver of Tyler's right to remove this case from the Circuit Court of Jefferson County, Missouri to the United States District Court for the Eastern District of Missouri. It does not. Article 13 provides:

> The Contractor consents and agrees that all legal proceedings related to the subject matter of this Agreement shall be maintained **in courts sitting within the State of Missouri**. Contractor further consents and agrees venue **for State court proceedings** shall be in the County of Jefferson, Missouri, and no court actions commenced in Missouri shall be transferred or removed to **any other** State or Federal Court.[2]

The thrust of Article 13 is that any litigation concerning the Agreement should be filed and adjudicated in Missouri. Tyler consented to personal jurisdiction in courts sitting in Missouri and waived any removal or transfer to a venue outside the State of Missouri. As such, Article 13 manifests the intent of the parties to maintain a convenient forum in lieu of litigating a

---

[1] Tyler incorporates by reference the jurisdictional allegations contained in its Notice of Removal.

[2] The Court should note that there are two agreements at issue in this dispute, the Agreement identified above which includes the forum selection clause discussed herein, and the Software License/Sublicense Agreement, which does not contain a forum selection clause.

dispute in some distant forum outside of Missouri. This Court sits within the State of Missouri and Jefferson County lies within this district. It is therefore an appropriate venue under Article 13. Because Tyler did not waive its right to remove this case to this Court and jurisdiction and venue are proper in this Court, this action was properly removed.

## II.     ARGUMENT & AUTHORITIES

### A.     Plaintiff is Not Entitled to Remand.

#### 1.     Tyler Did Not "Clearly and Unequivocally" Waive Its Right to Removal.

Tyler did not waive its right to remove this action to this Court in agreeing to Article 13 of the Agreement. This Circuit unambiguously holds that the waiver of the right to removal must be "clear and unequivocal." *Weltman v. Silna*, 879 F.2d 425, 427 (8th Cir. 1989) (citing Moore's Federal Practice (2d ed. 1987) and affirming the district court's rejection of an argument of waiver of the right to remove). "The concept of 'clear and unequivocal' is a fluid concept left up to this Court's discretion with little guidance from the Eighth Circuit." *CitiMortgage, Inc. v. Loan Link Financial Servs.*, 2008 WL 695392 (E.D. Mo. March 12, 2008). While the Eighth Circuit may not have provided this Court with a concrete definition of "clear and unequivocal," a forum selection clause such as the one at issue here, which is at best from the Plaintiff's perspective reasonably subject to two interpretations, is not "clear and unequivocal."

The Court should note that this is not Plaintiff's first attempt to re-write Article 13 in such a way that favors its interpretation, which is inconsistent when Article 13 is read in its entirety. In the final paragraph of its Petition, Plaintiff stated:

> Pursuant to Article 13, Consent to Jurisdiction, Venue and Service, jurisdiction for this action lies **solely in the Courts of the State of Missouri**, and **venue for this action is solely in the Courts of the County of Jefferson, Missouri**.

(Pet. ¶ 14) (emphasis added). Plaintiff's allegations in this regard, which are reflected more fully in its Motion to Remand, are simply incorrect.[3]

To be clear, Article 13 does *not* as Plaintiff alleges restrict jurisdiction *solely* to the "Courts of the State of Missouri" (Pet. ¶ 14). Nor does it state that venue is restricted *solely* to the "Courts of the County of Jefferson Missouri." *Id.* Article 13 expressly provides that Tyler consents to jurisdiction of *both* the federal and state "*courts sitting within the State of Missouri*" to the exclusion of all other courts outside of Missouri. Plaintiff would have the Court wholly ignore this language. If the parties intended Article 13 to provide consent to jurisdiction and venue *only* in the Circuit Court for Jefferson County, Missouri, to the exclusion of all other state and federal courts, Article 13 would have been drafted in such a way that reflected that intent. Indeed, Plaintiff has now admitted that "it was the intent of the parties that any legal proceedings be instituted in a court sitting in the State of Missouri". (Pl.'s Mot. to Remand p. 3). This Court is among the "courts sitting within the State of Missouri." It would hardly make sense for Tyler to preserve its right to litigate in *either* state or federal court (so long as consistent with Article 13 that court sits in the State of Missouri) and then in the very next sentence as Plaintiff contends, nullify its right to be heard in a federal court in Missouri. Such a reading would quite simply be inconsistent with the basic rules of grammar. Even if the Court were to give Plaintiff's interpretation credence, there would be an obvious conflict within Article 13 itself. Such a

---

[3] This Court should note the distinction between Plaintiff's use of the word "of" and Article 13's purposeful use of the word "in," as well as Plaintiff's capitalization of the word "Courts" instead of "courts" as intentionally provided in Article 13. One Fifth Circuit Court of Appeals decision affirming remand turned on this very issue. In *Dixon v. TSE Int'l Inc.*, the clause at issue stated that the "Courts *of* Texas" would have sole jurisdiction over controversies related to that contract. 330 F.3d 396, 398 (5th Cir. 2003) (emphasis added). Strictly interpreting the clause, the Court held that "federal district courts may be *in* Texas, but they are not *of* Texas . . . By agreeing to litigate all relevant disputes solely in 'the Courts *of* Texas,' TSE waived its right to removal." *Id.* (emphasis added). Similarly here, Article 13 expressly limits jurisdiction (and venue) to "*courts* sitting *within* the State of Missouri," and not "Courts of the State of Missouri" as Plaintiff alleges.

conflict cannot be said to "clearly and unequivocally" constitute a waiver of Tyler's right to removal.

      **2.**      **Tyler's Consent to Jurisdiction and Venue In Courts Sitting In Missouri Does Not Constitute a Waiver.**

The correct interpretation of Article 13 (and that which reflects the intent of the parties to choose a state or federal court in Missouri) is that there are two venues in which a party may litigate an action arising out of the Agreement: the Circuit Court for Jefferson County and the United States District Court for the Eastern District of Missouri.  As this Court stated in *Amerilink Corp. v. Circo, Inc.*, "where the contract provides that the parties consent to jurisdiction in the state or federal court within a particular geographic region, the agreement does not constitute a waiver of the right to remove."  1996 WL 238525, at *2 (E.D. Mo. May 3, 1996) (quoting *Newman/Haas Racing v. Unelco Corp.*, 813 F. Supp. 1345, 1347 (N.D. Ill. 1993); *see also Milhfeld & Associates, Inc. v. Glock, Inc.*, 2005 WL 1009579, at *2 (W.D. Mo. April 27, 2005) ("agreement that venue is proper in a particular court or jurisdiction is not a 'clear and unequivocal' waiver of the right to remove").  Importantly, Article 13 does not say that Plaintiff has the exclusive right to choose whether state or federal court is to be the forum to the exclusion of the other, but instead provides that ***both*** forums constitute appropriate venues to litigate a dispute under the Agreement.  To accept Plaintiff's reading of Article 13, the Court would have to add language that was simply excluded by the parties.

The provision at issue in this case is similar to the contract in *Newman/Hass Racing v. Unelko Corp.*, which stated that the parties could file suit "in ***any state or federal court*** of general jurisdiction in the State of Illinois and each party irrevocably submits to the jurisdiction of such courts and waives any objection he may have to either the jurisdiction or venue of such court." 813 F. Supp. 1345, 1348 (N.D. Ill. 1993) (emphasis added).  Interpreting this provision,

the court rejected the argument that defendants waived the right to removal stating that "it is more in the nature of a geographic limitation than a vesting in the claimant of the exclusive right to choose. Therefore the language does not limit the defendants to the plaintiff's choice of forum; rather it precludes the defendants from litigating outside of Northern Illinois." *Id.* at 1348. Similarly, the language in Article 13 that no action "shall be transferred or removed to any *other* State or Federal court" is more of a geographic limitation when Article 13 is read as a whole, rather than a vesting in Plaintiff the exclusive right to choose the forum. Article 13 merely operates to preclude the parties from litigating outside the State of Missouri.

Notwithstanding the court's decision in *Newman/Hass Racing*, the language of contract in that case was substantially more restrictive than the language at issue here because it included such language as "irrevocably" and "waives any objection" – language that is wholly absent from Article 13. The cases on which Plaintiff relies considered language similar to that which was present in *Newman/Hass Racing* but again, is absent here.

In *CitiMortgage v. Loan Link Fin. Servs., Inc.*, the forum selection clause at issue stated that a dispute under the contract "shall be brought in St. Louis County Circuit Court or the United States District Court in the Eastern District of Missouri and ***each party irrevocably submits to the jurisdiction of either forum and waives the defense of an inconvenient forum. . . and any other substantive or procedural rights or remedies it may have with respect to . . . proceeding in the other forum.***" 2008 WL 695392, at *2 (E.D. Mo. May 12, 2008) (emphasis added). In *iNet Directories LLC v. Developershed, Inc.*, the contract containing the forum selection clause stated, "The Parties hereby ***irrevocably waive any and all objections. . . to the laying of venue of any such suit, action or proceeding brought in any such federal or state court in the State of Missouri.***" 394 F.3d 1081, 1082 (8th Cir. 2005)(citing *Waters v.*

*Browning-Ferring Indus. Inc.*, 252 F.3d 796, 797-98 (5th Cir. 2001) (holding that nearly identical language, "waiving any objection . . . to laying of venue" waives the right to removal)) (emphasis added).  Article 13 of this Agreement lacks the language present in *CitiMortgage*, *iNet* and *Waters* that expressly waived objections to venue, and upon which the courts relied to find that the clauses constituted waivers of the right to removal.  Therefore, Plaintiff's reliance on *CitiMortgage*, *iNet* and *Waters*  is misplaced.

In contrast to the clauses in *CitiMortgage*, *iNet* and *Waters*, here the parties did not expressly waive any objections to venue.  Rather, the parties consented only to a certain venue for state court proceedings.  Specifically, the parties agreed that "venue ***for State court proceedings*** shall be in Jefferson, County Missouri."  As such, Article 13 provides that Jefferson County is the exclusive venue for proceedings ***in Missouri state court***, but notably does not specify an appropriate venue for any other proceeding.  Article 13 does not limit resolution of disputes under the Agreement to state court proceedings because it also provides that "all legal proceedings related to the subject matter of this Agreement shall be maintained in courts sitting within the State of Missouri."  While federal court proceedings in the State of Missouri are clearly contemplated by Article 13, it is silent as to the appropriate venue for such a proceeding. Because the parties agreed that disputes would be litigated in courts sitting within the state of Missouri, and further because Jefferson County, Missouri is where the contract was performed, the Eastern District of Missouri is indeed the appropriate venue for a ***federal court proceeding*** related to the Agreement.

### 3. Retaining This Case Furthers the Intent of Article 13 and the Purpose of Diversity Jurisdiction.

Finally, by moving to remand this case in the face of the intent of the parties, which was to keep this dispute in the State of Missouri rather than litigating in some distant forum, Plaintiff has made much ado about nothing. Plaintiff argues that rejecting its interpretation of Article 13 would "render the clause pointless." (Pl.'s Mot. to Remand p.5) On the contrary, retaining this case would in fact give effect to the benefits and conveniences Plaintiff apparently sought in bringing suit in Jefferson County, as Jefferson County is lies within this Court's district. Tyler is not attempting to litigate outside of the exclusive forums designated in the Agreement, and the Agreement contains no language that either party has the unfettered right to select the forum as Plaintiff suggests. Tyler is merely removing the action from one court deemed proper under the Agreement to another court that is also deemed proper under the Agreement.

Further, not only is venue proper in this Court under the Agreement, but allowing the parties to move forward in federal court, as opposed to state court, is consistent with the intent and designs of diversity jurisdiction. Such jurisdiction was designed to protect defendants such as Tyler from potential local bias. *See General Elec. Capital Corp. v. Grossman*, 991 F.2d 1376, (8th Cir. 1993) ("Diversity jurisdiction exists to protect out-of-state litigants from state court bias.") (internal citations omitted). The potential for bias is even greater where, as here, Tyler is litigating opposite a local government entity in the county controlled by Plaintiff.

In light of the prevailing issues discussed above, this Court should deny Plaintiff's Motion to Remand. Tyler has not "clearly and unequivocally" waived its right to remove this action to this Court. Further, both jurisdiction and venue in this Court are proper under the plain language of Article 13. Finally, retaining this case would not only give effect to the parties'

agreement as written and intended, but would also further the purpose of diversity jurisdiction. Accordingly, Plaintiff's Motion to Remand should be denied.

**B.      Plaintiff Is Not Entitled to Attorney's Fees and Expenses.**

Plaintiff's Motion to Remand includes a request for fees incurred in bringing its motion. Such a request, however, has no place in this proceeding. First, Tyler's removal of the case to this Court was proper for all the reasons stated above. Regardless, under no circumstance is the Plaintiff entitled to fees under 28 U.S.C. § 1447(c). The United States Supreme Court has held that "absent unusual circumstances, courts may award attorney's fees only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 126 S. Ct. 704, 711 (2005). Plaintiff contends that Tyler had no objectively reasonable basis for removing this case to federal court because it was aware of Article 13 when it filed its Notice of Removal. Indeed, Tyler was well aware of Article 13, but was unaware that Plaintiff would attempt to deprive Tyler of the benefit of the clause it drafted to have a dispute arising under the Agreement heard in a federal court in the State of Missouri as is apparent from the face of the clause. There can be no doubt that Tyler has offered a reasonable basis to believe that it did not "clearly and unequivocally" waive its right to remove the action to this Court. Accordingly, Plaintiff's Motion for Award of Attorney Fees and Expenses should be denied.

### III.      CONCLUSION

For all the reasons stated above, removal of this action was proper. Accordingly, Tyler respectfully requests that this Court deny Plaintiff's Motion to Remand and further deny Plaintiff's request for attorney's fees and expenses.

Respectfully Submitted,

___/s/ Andrew B. Russell_____
Craig W. Budner
Texas State Bar No. 03313730
Andrew B. Russell
Texas State Bar No. 24034661
Courtney Barksdale Perez
Texas State Bar No. 24061135
**K&L Gates LLP**
1717 Main Street
Suite 2800
Dallas, Texas 75201
P:(214) 939-5500
F:(214) 939-5849
craig.budner@klgates.com
andrew.russell@klgates.com
courtney.perez@klgates.com


Steven E. Garlock
E.D. Missouri Bar No. 3184
B. Matthew Struble
E.D. Missouri Bar No. 498813
**Thomspon Coburn LLP**
One US Bank Plaza
St. Louis, Missouri  63101
P: (314) 552-6000
F: (314) 552-7425
sgarlock@thompsoncoburn.com
mstruble@thompsoncoburn.com

**ATTORNEYS FOR DEFENDANT TYLER TECHNOLOGIES, INC.**

### CERTIFICATE OF SERVICE

I certify that the foregoing instrument was served upon all counsel of record by the Court's electronic filing system on May 4, 2009.

*/s/ Andrew B. Russell*