IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| THE COUNTY OF JEFFERSON, MISSOURI<br>℅ Ms. Beth Man, Collector<br>Jefferson County Administration Center<br>729 Maple Street<br>Hillsboro, MO 63050<br><br>　　　　　Plaintiff,<br><br>v.<br><br>TYLER TECHNOLOGIES, INC<br><br>　　　　　Defendant. | § § § § § § § § § § § § § § § | Case No. 4:09-CV-554-SNLJ<br><br>Jury Trial Demanded |

## PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO REMAND

### Reply to Defendant's Argument and Authority

Nowhere in its Response does the Defendant explain to this Court the meaning of the phrase in Article 13 that "...no court actions commenced in Missouri shall be transferred or removed to any other State or Federal Court," if it does not mean that removal to this Court from the State Court is prohibited. Instead, Defendant follows the time honored briefing technique of trying to deflect this Court's attention, from that issue for which the Defendant has no reasonable response, to other issues.

The issue here is not, as Defendant argues, whether both parties consented to jurisdiction in either the State or Federal Court (they did), nor whether venue for filing suit is proper in either the State Court of Jefferson County or this Federal Court (it is), nor whether the parties intended a geographical limitation in filing suit (they did-to courts in Missouri). Rather, the issue is whether, after either party files suit and makes its election as plaintiff to file in the State Court,

the case can be removed to this Federal Court. The answer is quite clearly and unambiguously **No!**

The only attempt made by Defendant to address the removal issue is on Page 4 of their Response where they state: "It would hardly make sense for Tyler to preserve its right to litigate in *either* state or federal court (so long as consistent with Article 13 that court sits in the State of Missouri) and then in the very next sentence as Plaintiff contends, nullify its right to be heard in a federal court in Missouri." The party's right to choose, as Plaintiff, the location of filing suit is not an issue. But, contrary to Defendant's protestation, it makes perfect sense, as the parties did in the CitiMortgage case, to allow the Plaintiff to choose the forum and then prevent the other party from defeating that election by prohibiting removal to another court. Otherwise, as this Court stated in the CitiMortgage case, the prohibition against removal is rendered meaningless because to allow removal would allow the Defendant to select the forum rather than the Plaintiff. Defendant offers no explanation of the meaning of the prohibition against removal in Article 13 if the parties are entitled to remove after the Plaintiff has made its selection. If it was the intention of the parties in the contract to allow removal by the Defendant to Federal Court, the last sentence of Article 13 would simply have been omitted.

Defendant boldly claims that Plaintiff's reading of the last sentence of Article 13 would "…quite simply be inconsistent with the basic rules of grammar." Defendant does not, however, give any explanations as to why that is true. That is because Defendant has no such explanation.

If Article 13 merely prohibits litigation outside of the State of Missouri, as Defendant contends, why mention transfer, which could only be inside the State of Missouri? Why state a prohibition against removal which could only be to this Court, inside Missouri? If the parties intended simply to limit litigation to courts inside Missouri, the parties could have simply said

2

so, and provided that any action brought in the State Courts of Missouri would be brought in the Courts of Jefferson County, Missouri. They did not so state because Article 13 clearly and unambiguously prohibits removal from a State Court to this Federal Court.

Defendant's citation of <u>Amerilink Corp. v. Circo, Inc.</u>, quoting <u>Newman/Haas Racing v. Unelco Corp.</u>, and the case of <u>Milhfeld & Associates, Inc. v. Glock, Inc.</u>, are of no help to Defendant. Those cases simply stand for the proposition that limiting suit to a particular geographic region, or limiting venue to a particular court or jurisdiction, is not a clear and unequivocal waiver of the right to remove a case to the Federal Court. Here, there is a specific waiver of the right of removal in Article 13.

Defendants also seek to distinguish the cases of <u>CitiMortgage v. Loan Link Fin. Servs., Inc.</u> and <u>iNet Directories, LLC v. Developershed, Inc.</u>, by stating that the language in those cases differ from the language in Article 13. They are correct that the language differs. In those cases the right to remove was not specifically stated, but was found by the Courts from the language used. Here, the prohibition of removal is specifically stated and need not be implied from the language. The language of Article 13 is much stronger in its prohibition of removal than the language in either of those cases.

Remanding this case to the Circuit Court of Jefferson County, Missouri will effect the intent of the parties in prohibiting removal of this action from State Court to this Federal Court after Plaintiff has chosen the State Court as the proper venue. Defendant drafted and consented to this provision, and it cannot now disclaim its application by arguing that removal and denial of remand is necessary to "…protect defendants such as Tyler from potential local bias." The parties specifically negotiated this provision which would allow either party, as plaintiff, to choose the Missouri Court of Jefferson County, or this Federal Court, as a proper venue for

instituting suit. But once that decision is made by either party as plaintiff, the other party cannot defeat that intent by removal. If Defendant did not want to litigate with Jefferson County in Jefferson County, and if Defendant wanted to preserve its right to come to this Federal Court under diversity jurisdiction to remove itself from any potential local bias, it simply could have said so in Article 13, or simply provided that any action to enforce the contract must be brought in this Federal Court.

Least this Court be lead astray by Defendant's Footnote 2, the significance of which is not stated by Defendant, there is only one unified contract between the parties, not two. There were two agreements signed between the parties: The Software License/Sublicense Agreement signed in December, 2005 and marked as Exhibit 2 to Plaintiff's Petition, and the Agreement For Software And Professional Services Between Tyler Technologies, Inc./CLT Division and Jefferson County, Missouri, dated January, 2006 and marked as Exhibit 1 to Plaintiff's Petition. "Article 30. Exhibits" of Exhibit 1 specifically states: "The documents listed below have been attached hereto and are incorporated herein as part of this Agreement." (Emphasis added). As Exhibit Number 4 listed in Article 30, the Software License/Sublicense Agreement (Exhibit 2 to Plaintiff's Petition) is specifically incorporated within Exhibit 1 to the Petition and becomes, as stated "…a part of this Agreement." Therefore both Exhibits 1 and 2, as well as the other Exhibits listed in Article 30 of Exhibit 1, form a part of one, unified contract, Exhibit 1 to the Petition.

Defendants have failed to carry their burden of proof to show that removal was proper in the first place. In fact, the clear and unambiguous language of Article 13 provides that the cause cannot be removed to this Court. This case should be immediately remanded to the Circuit Court of the 23rd Judicial Circuit, Jefferson County, Missouri.

**Attorney's Fees**

Defendants have presented no reasonable basis for the original removal. The prohibition against removal is clearly and unambiguously stated in Article 13. Defendant and its attorneys knew or should have known that removal was improper. Removal was simply a tactic to impose upon Jefferson County, as Plaintiff, the burden of seeking remand. Plaintiff should be awarded its attorney's fees in obtaining this remand. Plaintiff submits herewith the Supplemental Affidavit for Award of Attorney's Fees of its attorney, Dana Hockensmith, marked as Exhibit 1 and incorporated herein and attached hereto. Plaintiff requests an award of attorney's fees in the total amount of $4,720.00 incurred in seeking this remand.

        Respectfully Submitted,

        /s/ Dana Hockensmith
        Dana Hockensmith
        E.D. Missouri Bar No. 24925
        Hockensmith Tatlow McKinnis Hamill, P.C.
        12801 Flushing Meadow Drive
        St. Louis, Missouri 65131
        P: (314) 965-2255
        F. (314-965-6653
        hockensmith@htmhlaw.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on this the 11th day of May, a true and correct copy of the foregoing document was served upon the following counsel of record via electronic means and U.S. mail in accordance with the Federal Rules of Civil Procedure.

Steven E. Garlock
B. Matthew Struble
Thompson Coburn LLP
One U.S. Bank Plaza
St. Louis, Missouri 63101
(314) 552-7000
sgarlock@thompsoncoburn.com
**ATTORNEYS FOR DEFENDANT**

Craig W. Budner
Andrew B. Russell
Courtney Barksdale Perez
K&L Gates LLP
1717 Main Street
Suite 2800
Dallas, Texas 75201

/s/ Dana Hockensmith
Dana Hockensmith