IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **THE COUNTY OF JEFFERSON, MISSOURI**<br>  % Ms. Beth Mahn, Collector<br>  Jefferson County Administration<br>  Center<br>  729 Maple Street<br>  Hillsboro, MO 63050<br><br>            **Plaintiff,**<br><br>v.<br><br>**TYLER TECHNOLOGIES, INC.**<br>Serve: Registered Agent<br>        Capital Corporate Services, Inc.<br>        222 E. Dunklin, Suite 102<br>        Jefferson City, MO 65101<br><br>            **Defendant.** | Case No. 4:09-CV-554-SNLJ<br><br>**Jury Trial Demanded** |

### DEFENDANT TYLER TECHNOLOGIES, INC.'S SURREPLY TO PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO REMAND

Defendant Tyler Technologies, Inc. ("Tyler") files this Surreply to Plaintiff's Reply Memorandum in Support of Motion to Remand (the "Reply") and in support thereof states as follows:

Tyler has stated its position with respect to the forum selection clause at issue in this case and has provided the Court with the necessary factual and legal authority in support thereof. Tyler will not rehash those arguments here. However, Plaintiff, in its Reply has made a misstatement of fact that is false and patently misleading. On page 3 of its Reply, Plaintiff states that "***The parties specifically negotiated this provision*** [Article 13] which would allow either party, as plaintiff, to choose the Missouri Court of Jefferson County, or this Federal Court, as a

proper venue for instituting suit. . ." (Pl.'s Reply p. 3) (emphasis added).  As can be seen from the attached affidavit of an individual who actually negotiated the contracts at issue, the parties did not specifically negotiate this provision.  *See* Affidavit of John R. Baker attached hereto as Exhibit A (hereinafter "Baker Affidavit").  Rather, Article 13 is a standard provision that was drafted by Tyler and is included as a matter of course in its contracts. (Baker Affidavit ¶ 6) Neither Tyler nor the County specifically negotiated or bargained for any of the language found in Article 13.  *Id.*  To state that the parties "specifically negotiated this provision" and to further suggest that they "intended" for the plaintiff to have the sole choice between state or federal court in Missouri is a misstatement of fact with absolutely no factual support and is misleading.

For the reasons stated in Tyler's Notice of Removal and Response, Tyler respectfully requests that Plaintiff's Motion to Remand be denied.

Dated:  May 27, 2009  Respectfully Submitted,


　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Andrew B. Russell*
　　　　　　　　　　　　　　　　　　　　　　　　　　　Craig W. Budner
　　　　　　　　　　　　　　　　　　　　　　　　　　　Texas State Bar No. 03313730
　　　　　　　　　　　　　　　　　　　　　　　　　　　Andrew B. Russell
　　　　　　　　　　　　　　　　　　　　　　　　　　　Texas State Bar No. 24034661
　　　　　　　　　　　　　　　　　　　　　　　　　　　Courtney Barksdale Perez
　　　　　　　　　　　　　　　　　　　　　　　　　　　Texas State Bar No. 24061135
　　　　　　　　　　　　　　　　　　　　　　　　　　　**K&L Gates LLP**
　　　　　　　　　　　　　　　　　　　　　　　　　　　1717 Main Street
　　　　　　　　　　　　　　　　　　　　　　　　　　　Suite 2800
　　　　　　　　　　　　　　　　　　　　　　　　　　　Dallas, Texas 75201
　　　　　　　　　　　　　　　　　　　　　　　　　　　P:(214) 939-5500
　　　　　　　　　　　　　　　　　　　　　　　　　　　F:(214) 939-5849
　　　　　　　　　　　　　　　　　　　　　　　　　　　craig.budner@klgates.com
　　　　　　　　　　　　　　　　　　　　　　　　　　　andrew.russell@klgates.com
　　　　　　　　　　　　　　　　　　　　　　　　　　　courtney.perez@klgates.com

        Steven E. Garlock
        E.D. Missouri Bar No. 3184
        B. Matthew Struble
        E.D. Missouri Bar No. 498813
        **Thompson Coburn LLP**
        One US Bank Plaza
        St. Louis, Missouri  63101
        P: (314) 552-6000
        F: (314) 552-7425
        sgarlock@thompsoncoburn.com
        mstruble@thompsoncoburn.com

        **ATTORNEYS FOR DEFENDANT TYLER TECHNOLOGIES, INC.**

## CERTIFICATE OF SERVICE

    I certify that the foregoing instrument was served upon all counsel of record by the Court's electronic filing system on May 27, 2009.

        */s/ Andrew B. Russell*