UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE COUNTY OF JEFFERSON, MISSOURI, ) ) ) Plaintiff, ) ) vs. ) ) TYLER TECHNOLOGIES, INC., ) ) Defendant. ) | Case No. 4:09CV554SNLJ |

## MEMORANDUM AND ORDER

Plaintiff originally filed this breach of contract action in the Circuit Court of Jefferson County, Missouri. On or about April 10, 2009 defendant removed this case to federal court on the basis of diversity wherein it was assigned to this Court. This matter is before the Court on the plaintiff's motion to remand and for award of attorneys' fees (#11), filed April 27, 2009. Responsive pleadings have now all been filed and the matter is ripe for disposition.

In 2005, plaintiff determined that it was in need of an updated computerized system for assessing tax values of real and personal property in Jefferson County, and for billing and collecting said taxes. After reviewing bids pursuant to plaintiff's request for proposals for a new computerized Property Tax System, plaintiff accepted defendant's bid. On or about January 31, 2006 plaintiff and defendant entered into a contract entitled "Agreement for Software and Professional Services Between Tyler Technologies, Inc./CLT Division and Jefferson County, Missouri". Several "subagreements" were executed between the parties in connection with their contractual relationship: 1) the "Software License/Sublicense Agreement"; 2) the "Amendment 1 to the Agreement for Software Licenses between Tyler Technologies, Inc./CLT Division and

Jefferson County, Missouri"; and 3) the "Amendment 3 to the Agreement for Software and Professional Services between Tyler Technologies, Inc./CLT Division and Jefferson County, Missouri".[1]  These agreements are collectively referred to as the "Agreement".

The Agreement generally requires defendant to provide the licenses and professional services, including but not limited, to installation of a new computerized Property Tax System and training of plaintiff's personnel to operate said system.  Plaintiff contends that defendant has failed to properly install a computerized system fully operational and meeting the requirements of the Agreement, and has been unable and/or failed to train County personnel to operate the system because the system has not been properly installed.  Plaintiff further contends that it has made demands upon defendant to complete the terms of the Agreement by taking the necessary steps to properly install the subject system and train County personnel to operate the system; however, defendant has refused such demands and instead has sought to charge plaintiff additional fees to complete the work required by the Agreement and/or counter-demand that the parties enter into a "maintenance agreement" prior to defendant fulfilling its contractual obligations.

Pursuant to Article 15 of the Agreement, the parties attempted to resolve this dispute through alternative dispute resolution (ADR).  As of January 2009, their attempts to resolve this dispute through ADR have failed.  On or about March 25, 2009 plaintiff filed this action in the Circuit Court for Jefferson County, Missouri.

Plaintiff Jefferson County brought suit against Tyler Technologies in state court pursuant to Article 13 of the Agreement:

---

[1]All four of these Agreements are attached to the plaintiff's complaint as Exhibits 1, 2, 3, and 4 and contained within the defendant's Notice of Removal (#1).

2

> **"ARTICLE 13. CONSENT TO JURISDICTION, VENUE AND SERVICE**
>
> The contractor consents and agrees that all legal proceedings related to the subject matter of this Agreement shall be maintained in courts sitting within the State of Missouri. Contractor further consents and agrees venue for State court proceedings shall be in the County of Jefferson, Missouri, and no court actions commenced in Missouri shall be transferred or removed to any other State or Federal court."

Plaintiff contends that Article 13 of the Agreement gives it the sole and exclusive right to elect the forum in which to pursue its lawsuit; and that defendant, by virtue of Article 13, has consented to jurisdiction of the state court and waived its right to removal. Defendant, on the other hand, believes that Article 13 only requires litigation in Missouri, whether state or federal, and does not constitute a waiver of the right of removal. Thus, the sole issue before this Court is whether Article 13 provides for the waiver of the right to removal, and therefore, this case must be remanded to the plaintiff's choice of forum; i.e. the Circuit Court for Jefferson County, Missouri.

The parties do not dispute the fact that a forum selection clause can act as a waiver of a defendant's right to remove an action to federal court; instead, the dispute is whether the language in Article 13 of the Agreement does create such a waiver.

Generally, forum selection clauses are presumed valid. M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 9-10 (1972). However, a forum selection clause will not be enforced if it found to be unreasonable; i.e. the product of fraud or overreaching, or if the contract itself is one of adhesion. Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 589 (1991); Zapata, 407 U.S. at 9-10. Since the parties do not argue any issues regarding fraud, overreaching, or the Agreement being one of adhesion, the Court assumes and will address the sole issue as concerning the interpretation and application of the language of Article 13.

Defendant primarily relies upon three (3) cases to support its argument that the language of Article 13 does not constitute a "clear and unequivocal" waiver of the right of removal: Weltman v. Silna, 879 F.2d. 425 (8th Cir. 1989); Mihlfeld & Associates v. Glock, 2005 WL 1009579 (W.D.Mo. April 27, 2005); and Amerilink Corp. v. Cerco, Inc., 1996 WL 238525 (E.D.Mo. May 3, 1996). As for the two (2) unpublished Missouri federal court opinions, neither of these cases involved any language within the subject forum selection clause which in any way referenced removal of the action by either party. The clauses in these cases only referred to limiting suit in a state court in Missouri (Mihlfeld) or limiting venue and jurisdiction to any court in Missouri (Amerilink).

As for Weltman, *supra*., the Eight Circuit Court of Appeals did not set forth the contract language at issue. The Court simply stated:

> "The agreement in which the appellees consented to Weltman's filing this suit in state court did not address removal. Waiver of the right to remove must be `clear and unequivocal,' . . ."

Weltman, at 427 (internal citations omitted). There is no analysis of the language of the subject clause, and thus, it appears that the Court found that the parties merely agreed venue was proper in the state court as originally filed.

Plaintiff primarily relies on another Eighth Circuit Case, iNet Directories, L.L.C. v. Developershed, Inc., 394 F.3d. 1081 (8th Cir. 2005), as well as an earlier opinion entered by this Court in Citimortgage, Inc. v. Loan Link Financial Services, 2008 WL 695392 (E.D.Mo. March 12, 2008).

In iNet, *supra.*, the Eighth Circuit addressed the following language in the contract at issue:

> "The Parties hereby irrevocably waive any and all objections which any Party may now or hereafter have to the exercise of personal

4

> and subject matter jurisdiction by the federal or state courts in
> the State of Missouri and to the laying of venue in any such suit,
> action or proceeding brought in any such federal or state court in
> the State of Missouri."

iNet, at 1081. In affirming the district court's order of remand, the Eighth Circuit found that this clause specifically waived objections to venue, and thus, constituted a waiver of the right to removal. iNet, at 1082 *citing* Waters v. Browning-Ferris Indus., 252 F.3d. 796, 797-98 (5th Cir. 2001). The Court distinguished Weltman, *supra.* on the basis that the clause in question (in that case) apparently did not address removal. iNet, at 1082.

In Citimortgage, *supra.*, this Court carefully reviewed the cases cited by the parties herein, as well as reviewed other relevant caselaw: Babe Winkelman Productions v. Sports Design and Development, 2006 WL 980821 (D.Minn. 2006); Murphy Oil USA, Inc. v. United States Fidelity & Guaranty Co., 1992 WL 465701 (W.D.Ark. 1992). The Court found that the parties in Citimortgage, *supra.* clearly agreed that any action arising out of their contractual relationship could be brought in either St. Louis County Circuit Court or the United States District Court for the Eastern District of Missouri, and once the court was chosen, the parties agreed unequivocally to "irrevocably submit to the jurisdiction of either forum" and "waives the defense of . . . any substantive or procedural rights or remedies it may have with respect to the maintenance of any such action or proceeding in either forum." This Court further found that the right of removal was such a substantive or procedural right both parties "waived". Citimortgage, at *2.

Having reviewed the relevant caselaw and the subject clause, the Court finds that the language contained in Article 13 of the Agreement constitutes a "clear and unequivocal" waiver of defendant Tyler Technologies' right to remove this case to federal court once plaintiff had filed this lawsuit in the Circuit Court for Jefferson County, Missouri. To interpret Article 13 otherwise would render the clause pointless. Firstly, the clause specifically prohibits transfer or removal

once the action is commenced in Missouri, and pursuant to 28 U.S.C. §1441(a) a case can only be "removed" to a district court for the district and division embracing the place where such action is pending. Thus, the clause prohibited the removal to any federal court in Missouri once an action was filed in a Missouri state court. Furthermore, "[i]f a party could choose either forum, only to have it switched by the other party, then the clause is really pointless. The purpose of a forum selection clause is to give the parties, as a plaintiff, the benefits and advantages of litigating a dispute where they believe such favorable attributes exist. To allow parties to negotiate favorable venues, only to have them taken as soon as they are chosen, undermines the negotiation of the forum selection clause in the first place." Citimortgage, at *3 *citing* Waters, at 798; Babe Winkelman Productions, at *3.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand (#11) be and is **GRANTED.** This cause of action, in its entirety, shall immediately be **REMANDED** to the Circuit Court for Jefferson County, Missouri. No further action shall be taken in this case.

**IT IS FINALLY ORDERED** that plaintiff's request for attorneys' fees in connection with this matter shall be **DENIED.** The Court finds that plaintiff is not entitled to such fees under 28 U.S.C. §1447(c) as the Court determines that the defendant had an objectively reasonable basis for seeking removal. However, this determination in no way shall be interpreted or applied in such a manner as to prohibit any award of attorneys' fees by the state court once this litigation is fully adjudicated.

Dated this   25th    day of June, 2009.

                                                        UNITED STATES DISTRICT JUDGE